**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 08-308 |
| DAWAN RASHEED MCBRIDE, | ) | Judge Nora Barry Fischer |
| | ) | |
| Defendant. | ) | |

**ORDER OF COURT**

AND NOW, this 24th day of August, 2022, upon consideration of Defendant Dawan McBride's Motion for Early Termination of Supervised Release, (Docket No. [91]), the Government's Response in opposition, (Docket No. [94]), and Defendant's Reply, (Docket No. [100]), and after careful consideration of the factors set forth in 18 U.S.C. §§ 3583(e)(1) and 3553(a)(1)-(7) in light of *United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020),

IT IS HEREBY ORDERED that Defendant's Motion [91] is DENIED, as the Court declines to exercise its discretion and grant early termination of supervised release at this time.

Following the standards set forth in *Melvin*, the Court need not make specific factual findings and it is enough to simply state that the Court has reevaluated the case and Defendant has not demonstrated that early termination "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). With that said, the relevant section 3553(a) factors in Defendant's case counsel the Court to deny early termination of supervised release at this time.

"The primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them," *United States v. Murray*, 692 F.3d 273, 281 (3d Cir. 2012) (quoting *United States v. Albertson*, 645 F.3d 191, 197 (3d Cir. 2011)), and it is this

Court's judgment that the 5-year term of supervised release imposed by this Court remains sufficient, but not greater than necessary to facilitate his successful reintegration from an armed career criminal to becoming a law-abiding member of society. *See* 18 U.S.C. § 3553(a).

At the outset, Defendant's supervised release commenced on December 20, 2019 and he has served approximately 2 years and 9 months of the 5-year term of supervised release to date. He is now 44 years old and has spent the time since his release living in Decatur, Georgia and supporting his 17 year-old child. (Docket Nos. 91; 100). He is being supervised in the Northern District of Georgia and has generally adhered to the conditions of his release, as the Probation Office reports that he has done well and has not committed any violations during the period of supervision. (Docket No. 99).

It appears that Defendant has made some strides toward rehabilitation by finding periodic employment as a laundry worker, a forklift operator, and a box truck driver, and counsel reports that he is now enrolled full time in classes with the hope of obtaining his commercial driver's license ("CDL"). (Docket No. 91). However, Defendant admits that he has not been employed since April of 2022 and the Probation Office reports that it has not verified that he has enrolled in full-time CDL classes and that he is otherwise using money he recently inherited from his family to pay for his living expenses. (Docket No. 99).

Defendant does not provide a specific reason why he is seeking early termination. (*See* Docket Nos. 91; 100). Instead, he points out that he has had "no writeups, no dirty urines, and no infractions during his incarceration or during his supervision period to date," and argues that he has overcome the pattern of behavior from his youth that led him to be sentenced as an armed career criminal. (*See id.*). While Defendant's actions to better his life and comply with the terms

of his release are positive, he has not presented the Court with any evidence of good works or community activities which benefit others. (*Id*.).

In this Court's estimation, the factors in Defendant's favor are outweighed by all of the following:

- the seriousness of Defendant's offense conduct, which involved his possession of a "blunt" and a firearm on January 30, 2007, at which time he was serving a period of state probation following felony drug convictions;

- his prior criminal history placing him in category VI, which includes numerous juvenile adjudications and state convictions, specifically including three felony convictions for selling crack cocaine and two felony convictions for firearms violations, for which he served several different periods of probation and/or incarceration prior to the instant offense, along with two additional felony drug charges which were pending at the time he was sentenced in this matter, for which he later pled guilty in the Allegheny County Court of Common Pleas and received no further penalty;

- his designation as an armed career criminal as a result of his offense conduct and his prior criminal history;

- his lengthy alcohol and substance abuse history which included marijuana use from the age of 12 and alcohol abuse from the age of 13 through the age of 30, cocaine use starting in 2000, his completion of substance abuse treatment in 2002, but an admitted relapse to the use of marijuana and cocaine in 2005-2006;

- and, the continuing need for specific deterrence and to protect the public from further crimes given his past recidivist behavior following the significant sentences of imprisonment for his prior state convictions and violations, which were insufficient to dissuade him from engaging in the serious criminal conduct at issue in this case.

(*See* PIR at ¶¶ 29-36, 42-44, 55; Docket No. 94-1)*; see also* 18 U.S.C. § 3553(a)(1)-(7).

All told, the Court does not believe that Defendant's reported self-improvement through

his prior work history through April of 2022, his current pursuit of CDL classes, and support of his family, while commendable, warrants a reduction in the term of supervised release more than 2 years prior to its scheduled expiration on December 19, 2024. *See United States v. Fattah*, 2022 WL 2437846, at *2 (3d Cir. Jul. 5, 2022) ("We are satisfied that the length of the remaining term of supervised release is one of the 'wide range' of circumstances' that district courts may appropriately consider") (quoting Melvin, 978 F.3d at 52) (further citations omitted). Further, as the Government points out, Defendant's compliance may be attributed, at least in part, with the deterrent effect provided by the conditions of supervised release which have been imposed. *See United States v. Miles*, 2020 WL 4904019, at *3 (W.D.Pa. Aug. 20, 2020) ("[T]he fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community."). It is this Court's opinion that the totality of the circumstances demonstrate that there is a continuing need for supervision in this case, particularly as he continues to search for employment and work on his sobriety.

For all of these reasons and after weighing the relevant factors, the Court declines to exercise its discretion to order early termination at this time. *See Melvin*, 978 F.3d at 52-53. Accordingly, Defendant's Motion [91] is DENIED, without prejudice.

*/s Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: All counsel of record
U.S. Probation Office.